IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JUDITH S. MARCINAK,** | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 24-00152-KD-B |
| **WILLIAM E. STEBER III, Individually and as the former Attorney-in-Fact of ANNE C. STEBER, and as the Executor of the Estate of ANNE C. STEBER, DECEASED, and FICTITIOUS DEFENDANTS A and B,** | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on sua sponte review of the docket and the Complaint filed by Judith S. Marcinak (doc. 1). The Complaint was filed May 14, 2024. To date, Marcinak has not provided the Court with a summons[1] for Defendant William E. Steber III. Therefore, the summons has not issued, and Defendant Steber has not been served. The 90-day deadline for service of process in Rule 4(m) of the Federal Rules of Civil Procedure expires August 12, 2024.

**If Marcinak no longer wants to pursue this action,** she may file a notice of voluntary dismissal pursuant. Rule 41(a)(1)(A)(i), of the Federal Rules of Civil Procedure provides for a notice of voluntary dismissal by the plaintiff without a court order "before the opposing party serves either an answer or a motion for summary judgment". Since Steber has not been served, he has not filed an answer or a motion for summary judgment.

---

[1] Fed. R. Civ. P. 4(c) ("Service. (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.").

**If Marcinak wants to pursue this action**, as the "party bringing the claim" she "bears the burden of establishing that federal subject matter jurisdiction exists." Stuart v. Hatcher, 757 Fed. Appx. at 808–09 (citing Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005). Accordingly, **Marcinak shall file an Amended Complaint[2] and summons**, on or before **August 12, 2024**, to address the following deficiencies in the Complaint:

Marcinak alleges that the Court's jurisdiction is premised upon 28 U.S.C. § 1332(a)1), which states that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States." Marcinak alleges that she is a citizen of Kentucky and that William E. Steber III is a citizen of Baldwin County, Alabama. Thus, as to claims against Steber in his individual capacity, diversity jurisdiction may exist.

However, Marcinak also sues Steber in his capacity as the Executor of the Estate of Anne C. Steber, Deceased. For diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent...." 28 U.S.C. § 1332(c)(2). Marcinak has failed to allege the citizenship of Anne C. Steber, Deceased.

Marcinak alleges that Steber is breaching his duty "currently as Executor for the Administration of the Decedent's Probate Estate" (doc. 1, p. 5). Thus, the Estate appears to be currently under administration. Marcinak's claims may be barred by the "probate exception" to federal jurisdiction. Generally, "a federal court may not exercise diversity jurisdiction over state probate matters." Fisher v. PNC Bank, N.A., 2 F.4th 1352, 1356 (11th Cir. 2021) (citing Mich. Tech Fund v. Century Nat'l Bank of Broward, 680 F.2d 736, 739 (11th Cir. 1982)). The probate exception is "limited in scope' and applies "only to cases the resolution of which would require a

---

[2] Fed. R. Civ. P. 15(a)(1) provides that a "party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it[.]" Since the Complaint has not been served, Marcinak may file an Amended Complaint.

2

federal court to (1) probate or annul a will, (2) administer an estate, or (3) 'dispose of property that is in the custody of a state probate court.'" Stuart v. Hatcher, 757 Fed. Appx. 807, 809 (11th Cir. 2018) (quoting Marshall v. Marshall, 547 U.S. 293, 311-12 (2006)).

"The general rule in determining whether a claim falls under the probate exception is whether a particular claim and the relief it seeks to interfere with the property that is in the possession of a state probate court." Catano v. Capuano, 2020 WL 639406, at *3 (S.D. Fla. Feb. 11, 2020) (citing Markham v. Allen, 326 U.S. 490, 494 (1946); and Marshall, 547 U.S. at 311 ("[W]e comprehend the 'interference' language in Markham as essentially a reiteration of the general principle that, when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res."). "In determining whether the probate exception applies, [the Court must] look past the plaintiff's theory of relief and consider the 'effect a judgment would have on the jurisdiction of the probate court.'" Stuart, 757 Fed. Appx. at 809 (quoting Turton v. Turton, 644 F.2d 344, 348 (5th Cir. 1981).

Overall, the probate exception bars the Court from participating in the "kinds of tasks that are reserved to the state probate courts." Stuart, 757 Fed. Appx. at 810. Therefore, the "[d]istrict courts in the Eleventh Circuit have no jurisdiction over actions seeking a valuation of estate assets, a transfer of property that is under probate, or 'a premature accounting of an estate still in probate.'" Catano, 2020 WL 639406, at *3 (quoting Turton, 644 F.2d at 348; Mich. Tech Fund, 680 F.2d at 741).  But the "exception does not 'bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.'" Stuart, 757 Fed. Appx. at 809.

In Count One, captioned "Breach of Fiduciary Duty", Marcinak claims that "[a]t all times during his administration of Decedent's Estate, Defendant Steber owed [Marcinak] a duty to administer the Estate as [Marcinak's] fiduciary" (doc. 1).  In the factual allegations incorporated into Count One, Marcinak alleges that Anne Steber bequeathed certain personal property and 25%

3

of the residue to Marcinak (doc. 1, p. 3).  She claims that Steber "[o]n various occasions since assuming the role of Executor/Representative of [Anne Steber's] Estate … took actions which were intended to, and did, diminish the value of the Decedent's overall Estate", has "failed to provide a full and complete accounting of the Estate" and "indulg[ed] in self-dealing" on "numerous incidents" which "served to diminish the value of the Estate and only benefiting Steber" (doc. 1, p. 4).

In Count Two, Marcinak seeks a declaratory judgment[3] on grounds that "[t]here exists a justiciable controversy between Plaintiff and Defendant as to the actual value of the overall Estate and the diminution in value of said Estate as a result of the Defendant's acts of misconduct and breaches of fiduciary duty." (Id.).  Marcinak requests that the Court "enter a declaratory judgment setting forth with specificity the amount of devaluation suffered by Decedent's overall Estate, including Probate and Non-Probate Assets, as a result of the Defendant's acts of misconduct and breaches of duty as Attorney-in-Fact and currently as Executor for the Administration of the Decedent's Probate Estate." (Id.).

In <u>Stuart v. Hatcher</u>, Stuart sued her brother Hatcher alleging that he breached his fiduciary duty as executor of their father's estate. She claimed damages because the value of the estate, and consequently her interest in the estate, was reduced because of mismanagement. The Estate was still pending in Probate Court. The district court found that it lacked subject matter jurisdiction under the "probate exception" to federal jurisdiction.  The Court of Appeals for the Eleventh Circuit affirmed the district court's decision. 757 Fed. Appx. at 807.  The Eleventh Circuit explained as follows:

---

[3] Marcinak did not cite any rule or statute in support of her request for declaratory judgment. Claims for declaratory judgment are brought pursuant to 28 U.S.C. § 2201, § 2202, and Rule 57 of the Federal Rules of Civil Procedure.  Section 2201 requires that "a case of actual controversy within" the Court's "jurisdiction" must exist before the Court "may declare the rights and other legal relations of any interested party seeking such declaration …".  Without diversity jurisdiction or another source of federal jurisdiction, the Court cannot provide declaratory relief.

4

> In determining whether the district court has jurisdiction over Plaintiff's claim for breach of fiduciary duty, we examine whether a judgment in Plaintiff's favor would run afoul of the jurisdictional limits described in Marshall and in Turton.
>
> Resolution of Plaintiff's claim for compensatory damages would require the district court not only to determine whether Defendant's conduct constituted a breach of his fiduciary duties but also whether Plaintiff suffered personal harm as a result. To determine Plaintiff's entitlement to relief, the district court would need to assess the current value of the Estate assets and determine -- based on the proposed distribution plan -- whether Plaintiff's interest in the Estate has been reduced by Defendant's alleged mismanagement. About damages, Plaintiff seeks to recover an amount equal to the reduced value of her interest in the Estate. Plaintiff acknowledges that no final valuation of the Estate has been made and, thus, requests an award "in an amount to be proven at trial." In other words, Plaintiff asks for a premature valuation and accounting of the Estate.
>
> Under the circumstances of this case, rendering a judgment in Plaintiff's favor would require the district court to engage in the kinds of tasks that are reserved to the state probate courts. Accordingly, Plaintiff's damages claim falls within the scope of the probate exception; the district court concluded correctly that it lacked subject matter jurisdiction. See Marshall, 547 U.S. at 311-12, 126 S.Ct. 1735; Turton, 644 F.2d at 348 (explaining that "a suit against an executor personally for malfeasance is beyond federal jurisdiction, if it requires a premature accounting of an estate still in probate.").

757 Fed. Appx. at 809-810.

As in Stuart v. Hatcher, Marcinak's claims against Steber for breach of fiduciary duty in his capacity as Executor in Count One and for declaratory judgment as to the probate assets in Count Two, fall within the probate exception such that this Court would lack jurisdiction. Marcinak specifically seeks a valuation of the estate, a determination of the diminution of value, and a "premature accounting", assuming the Anne Steber Estates is "still in probate".

However, the probate exception may not apply to Marcinak's breach of fiduciary duty claim against Steber "in his individual capacity" to the extent that she seeks to recover from him and not from the Estate. See Kaplan v. Kaplan, 524 Fed. Appx. 547, 548 (11th Cir. 2013) (unpublished) (affirming the district court's decision that Kaplan's breach of fiduciary duty claim against personal

5

representative of estate and pursuit of money damages against him personally, and not the estate, "was not in the nature of a probate proceeding and that it had jurisdiction to entertain Kaplan's in personam claims against" the personal representative)

Also, Marcinak alleges that Steber, while acting as power of attorney before Anne Steber's death, "may have misappropriated monies and misused the power he had over the financial holdings … during the duration of the time he served as the Attorney-in-Fact" and that he may have "continued to act as the Attorney-in-Fact" after Anne Steber's death and before Letters Testamentary issued (doc. 1, p. 2).  In Count Two, Marcinak asks the Court to "enter a declaratory judgment" as to the "devaluation suffered by Decedent's overall Estate, including Probate and Non-Probate assets, as a result of" Steber's conduct as attorney-in-fact and currently as Executor" (Id., p. 5) (underline added).

Since these disputes between Marcinak and Steber may involve "Non-Probate assets" these disputes may fall "outside the scope of the probate exception." 757 Fed. Appx. at 810.  Thus, if the value of the "misappropriated monies" and/or "Non-Probate assets" exceeds the jurisdictional limits, with diversity of citizenship between Marcinak and Steber in his individual capacity, the Court may have jurisdiction over these disputes.  This is not to say that such claims are viable against Steber, but only that Marcinak may be able to establish diversity jurisdiction for the Court to consider the claims.

Marcinak has named fictitious defendants A and B as "those persons or entities presently unknown, who or which aided or conspired with Steber to bring about the actionable wrongs described herein" (doc. 1, p. 2).  Generally, fictitious party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citing New v. Sports & Recreation, Inc., 114 F. 3d 1092, 1094 n.1 (11th Cir. 1997)).  The Eleventh Circuit "created a limited exception to this rule when the plaintiff's description is so specific as to be 'at the very

6

worst, surplusage.'" Id. (quoting Dean v. Barber, 951 F. 2d. 1210, 1215-1216 (11th Cir. 1992)). Marcinak has not alleged a claim against Fictitious Party A or B and has not specifically described their conduct. Instead, she simply alleges that they conspired with or aided Steber. Therefore, Marcinak has improperly included fictitious defendants.

Marcinak is **warned** that failure to comply with this Order and file an Amended Complaint and summons on or before August 12, 2024, **may be construed as a failure to prosecute and will result in dismissal of this action without prejudice** pursuant to Fed. R. Civ. P. 41(b) and the inherent authority of the Court to manage the cases on its docket. See McCormick v. IGIA, Inc., No. 23-12621, 2024 WL 3292668, at *1 (11th Cir. July 3, 2024) ("A district court may dismiss a case sua sponte for failure to comply with a court order, either pursuant to Rule 41(b), or under its inherent authority to manage its docket.") (citations omitted); Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'") (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)).

DONE and ORDERED this the 23rd day of July 2024.

s/ Kristi K. DuBose<br>
KRISTI K. DuBOSE<br>
UNITED STATES DISTRICT JUDGE