IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JUDITH S. MARCINAK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 24-00152-KD-B |
| | ) |
| **WILLIAM E. STEBER III, Individually** | ) |
| **and as the former Attorney-in-Fact of** | ) |
| **ANNE C. STEBER, and as the Executor** | ) |
| **of the Estate of ANNE C. STEBER,** | ) |
| **DECEASED,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on the motion for leave to file an amended answer (doc. 18). Defendant William E. Steber III seeks leave to amend to assert res judicata as his ninth affirmative defense. In support, Steber provides the history of the state court litigation between Steber and Plaintiff Judith S. Marcinak. Marcinak was given an opportunity to respond to the motion (doc. 20) but did not. Upon consideration, and for reasons set forth herein, the motion is **GRANTED**. **Steber** shall file his **Amended Answer** on or before **January 24, 2025**.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings. At this stage in the litigation, Rule 15(a)(2) applies and instructs the district court that it "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted); Laurie v. Ala. Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001) (explaining that overall "there must be a substantial reason to deny a motion to amend."). The district court "may consider several factors when deciding

whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir.2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); Donley v. City of Morrow, Georgia, 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

The case is in the early stages of litigation. Steber filed a motion to dismiss and then timely filed his answer. The parties have not participated in a parties' planning meeting. Therefore, the Rule 16(b) Scheduling Order has not been entered.  The docket indicates that Steber has not exhibited a dilatory motive, engaged in bad faith, or caused undue delay, and has not repeatedly failed to cure deficiencies in prior pleadings. Review of the proposed amended answer (doc. 18, p. 5-11) does not indicate that allowing it would be futile. Accordingly, the interests of justice require granting Steber's motion.

DONE and ORDERED this the 10th day of January 2025.

                                        s/ Kristi K. DuBose
                                        KRISTI K. DuBOSE
                                        UNITED STATES DISTRICT JUDGE