IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JUDITH S. MARCINAK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 24-00152-KD-B |
| | ) | |
| WILLIAM E. STEBER, III, | ) | |
|     Defendant. | ) | |

## ORDER

This action is before the Court on the Court's April 1, 2026 Order, (doc. 36), Plaintiff Judith S. Marcinak's Responses to the Order, (docs. 37, 38), Defendant's Response to the Order, (doc. 39), and Defendant's Status Report, (doc. 40).

On October 16, 2022, Allison Gallow filed a complaint against William Steber, III (individually and as executor of the Estate of Anne Steber) contesting the probate of the Will of Anne Steber. Allison Gallow is the daughter of Judith Marcinak and the granddaughter of Anne Steber. W. Steber and Marcinak are the children of Anne Steber. The Will contest alleged that a Will executed in 2013 by Anne Steber, which included Gallow as a beneficiary and gave Marcinak a greater share of the Estate, was the Will that stated Anne Steber's true intentions. Gallow further alleged that the 2022 Will was executed by Anne Steber under mistake of fact and should be voided. The 2023 excluded Gallow as a beneficiary and named as primary beneficiaries Marcinak and W. Steber.

On August 2, 2023, W. Steber filed a counterclaim and third-party complaint against Marcinak and Gallow alleging interference with his inheritance and intentional infliction of emotional distress. W. Steber also sought a declaratory judgment that Marcinak's actions

1

triggered the anti-contest clause of the Will thus making her ineligible to inherit under the terms of the Will.

On March 17, 2024, default judgment was entered against Marcinak and Gallow on all claims asserted by W. Steber in his counterclaim and third-party complaint. On April 23, 2024, summary judgment was granted against Gallow, who failed to respond to the motion, as to her contest of the Will. Gallow filed an untimely appeal that was dismissed and remanded back to Circuit Court for damages against Gallow to be determined.

On May 14, 2024, Plaintiff Marcinak filed a Complaint against Defendant William Steber, III with one count of breach of fiduciary duty, one count of declaratory judgment, and one count of fraud, and deceit, misrepresentation and suppression of material fact. (Doc. 3). On September 9, 2025, the Court adopted the Magistrate Judge's Report and Recommendation on W. Steber's Motion to dismiss Count Three (fraud claims). (Doc. 28). The Order also found that abstention was appropriate considering the ongoing state court actions and stayed the action as to Counts One and Two. W. Steber was ordered "to file a status report every two months regarding the related actions pending in the Baldwin County Circuit Court and the Probate Court of Baldwin County[.]" (Id.).

Steber's third Status Report filed on March 5, 2026 stated that the action in the Circuit Court of Baldwin County was completed. (Doc. 33). The Estate of Anne C. Steber only remains open in the Probate Court of Baldwin County for collection of judgment of $76,000 to the Estate of Anne C. Steber. (Id.). Also, the judgment in the Baldwin County Circuit Court was domesticated in the Circuit Court of Jefferson County, Kentucky. (Id.).

2

Based on this, the Court ordered Marcinak to file any objection to the dismissal of this case. (Doc. 34). Marcinak objected to the dismissal of the case and claimed that the remaining claims in this case are personal in nature and relate to Steber's actions prior to the probate of the Will at issue. (Doc. 35). The Court ordered Plaintiff Marcinak to file a brief "specifically identifying which remaining claims are not subject to res judicata and explaining why (with authority)." (Doc. 36).

Marcinak response fails to address res judicata except to say "[f]or the reasons above, the previous arguments made to this Court and the fact that the trial held in the State Court action was for damages only, res judicata should not apply to this action. The Court is unable to discern, from the statement, any meritorious argument regarding why the claims are not barred based on res judicata. Marcinak argument regarding her claims appears to be that W. Steber's breach of fiduciary duty are not related to the Will contest. However, Marcinak's only specifics about her claim of breach of duty indicate that the allegation of breach is based on W. Steber filing a counterclaim/third party complaint in the Will contest and W. Steber's filing of the petition for partial settlement in the Will contest. Marcinak fails to provide any other specific acts of breach of fiduciary duty. Nor does Marcinak even attempt to explain why her allegations concerning W. Steber's actions in the Will contest could not have been addressed in the Will contest action.

The doctrine of res judicata exists to protect a party's adversaries from the expense and vexation of multiple lawsuits, conserve judicial resources, and encourage confidence in judicial action by reducing the risk of inconsistent decisions. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999) (citation omitted). "Res judicata bars the filing of claims which were raised or **could have been raised in an earlier proceeding**." Id. (citations omitted)(emphasis

added). This doctrine also "prevents plaintiffs from bringing claims related to prior decisions when "the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action."" Rodemaker v. City of Valdosta Bd. of Educ., 110 F.4th 1318 (11th Cir. 2024), cert. denied, 145 S. Ct. 2701, 221 L. Ed. 2d 966 (2025) (quoting TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co., 959 F.3d 1318, 1325 (11th Cir. 2020).

As Marcinak fails to specify any claim that could not have been raised in the state court proceedings, res judicata bars Marcinak from bringing her claims against Steber in this Court. This action is **DISMISSED with prejudice.**

**DONE** and **ORDERED** this 10th **day** of **July 2026**.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

4